## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

|  |  |  |
|---|---|---|
| Northern Oil & Gas, Inc., | ) | |
| | ) | **ORDER GRANTING PLAINTIFF'S** |
| Plaintiff, | ) | **MOTION TO DEFER RULING ON** |
| | ) | **DEFENDANT'S MOTION FOR** |
| vs. | ) | **SUMMARY JUDGMENT** |
| | ) | |
| EOG Resources, Inc., | ) | |
| | ) | Case No. 1:16-cv-388 |
| Defendant. | ) | |

Before the Court is a "Motion for Summary Judgment Dismissing Northern's Claims Because the Limitation Period Expired" filed by EOG Resources, Inc. ("EOG") on July 20, 2017. See Docket No. 22. Northern Oil & Gas, Inc. ("Northern Oil") filed a response on August 24, 2017. See Docket No. 35. EOG filed a reply to Northern Oil's response on September 7, 2017. See Docket No. 40. Northern Oil also filed a motion to defer ruling on EOG's summary judgment motion on August 24, 2017. See Docket No. 36. EOG filed a response to Northern Oil's motion for deferral on September 7, 2017. See Docket No. 39. Northern Oil filed a reply to EOG's response on September 14, 2017. See Docket No. 47. For the reasons set forth below, the Court grants Northern Oil's motion for deferral and therefore denies EOG's motion for summary judgment without prejudice.

## I.    BACKGROUND

Northern Oil is a Minnesota Corporation with its principal office in Minnesota. EOG is a Delaware corporation with its principal office in Texas. See Docket No. 1, p. 1. Northern Oil brought this diversity action against EOG in an attempt to quiet title to a mineral leasehold interest.

See Docket No. 1, p. 19.  Northern Oil also requests the Court declare EOG acted wrongfully when it made certain deductions from revenue payments it owed Northern Oil, and Northern Oil asks the Court to bar EOG from engaging in such conduct in the future.  See Docket No. 1, p. 22.


A.    **THE CONVEYANCES**

The conveyances at issue have been the subject of litigation before North Dakota state courts.  See Johnson v. Finkle, 837 N.W.2d 123 (N.D. 2013).  The deed at the center of the controversy presents a classic *Duhig*[1] scenario—a grant and a reservation, both of which cannot be satisfied because the grantor does not own enough minerals.  Axel Anderson owned the surface and minerals in the following property located in Mountrail County, North Dakota:

Township 157 North, Range 91 West of the 5th Principal Meridian
Section 7:  E1/2SE1/4
Section 8:  NW1/4

Township 158 North, Range 91 West of the 5th Principal Meridian
Section 23:  All
Section 24:  All
Section 25:  W1/2, NE1/4, N1/2SE1/4
Section 26:  N1/2NE1/4, SE1/4NE1/4

See Docket No. 1, p. 2.  In 1949, Anderson sold half of the minerals in the above-described property to L.S. Youngblood, except for the S1/2NE1/4 and the N1/2SE1/4 of Section 25, Township 158 North, Range 91 West, which he reserved to himself.  See Docket No. 24-1.  In 1957, Axel Anderson and his wife Norma Anderson entered into a contract for deed ("the Contract for Deed") to sell the property located in Township 158 North, Range 91 West to Henry Johnson; the Contract for Deed contained a provision stating "[t]he grantor reserves a 1/4 mineral interest .

---

[1] The *Duhig* rule is a rule of construction set forth in *Duhig v. Peavy-Moore Lumber Co.*, 144 S.W.2d 878 (Tex. 1940).  The rule is applied to deeds containing an over conveyance of minerals.  "[I]f a grantor does not own a large enough mineral interest to satisfy both the grant and the reservation, the grant must be satisfied first because the obligation incurred by the grant is superior to the reservation."  Finkle, 837 N.W.2d at 136.

. . ." <u>See</u> Docket No. 24-2.  On October 4, 1962, the Andersons conveyed the property described in the Contract for Deed to Johnson by warranty deed ("the Warranty Deed").  <u>See</u> Docket No. 1, p. 11.  The Warranty Deed contained a provision that stated:  "The grantor reserves a 1/4 mineral interest, including gas and oil, with the right of ingress and egress for the purposeof [sic] mining, exploring or drilling for the same."  <u>See</u> Docket No. 24-3.  Nancy Finkle has succeeded to the Anderson's interests.  <u>See</u> Docket No. 1, p. 11.  Henry Johnson's interest has been divided among his successors ("the Johnsons").  <u>See</u> Docket No. 1, pp. 11-12.  By various oil and gas leases and assignments, Northern Oil acquired 90% of a mineral leasehold interest carved from Finkle's mineral estate; EOG acquired 100% of a mineral leasehold interest carved from the Johnson's mineral estate.  <u>See</u> Docket No. 1, p. 12.


## B.    <u>THE STATE COURT ACTION</u>

The Johnsons brought suit against Finkle in the Northwest Judicial District Court of North Dakota to determine ownership of the 1/2 mineral interest that remained with the Andersons after the conveyance to Youngblood.  <u>Finkle</u>, 837 N.W.2d at 134.  Finkle brought a counterclaim alleging the Warranty Deed contains a mistake and seeking reformation.  <u>Id.</u>  Although both Northern Oil and EOG's leasehold interests were of record, neither was named a party to the lawsuit.  <u>See</u> Docket No. 1, p. 13.  After reviewing various mineral leases and a 1957 delay rental stipulation, the state district court concluded reformation was unwarranted, explaining: "The fact that the Anderson family continued to convey minerals in which they no longer had an ownership interest does not establish a mutual mistake was made when the warranty deed was executed."  <u>See</u> Docket No. 24-14, p. 14.  The state district court applied the <i>Duhig</i> rule to the Warranty Deed and quieted title in the minerals to the Johnsons.  <u>See</u> Docket No. 24-14, pp. 7-8 and 15.  Finkle

3

appealed and the North Dakota Supreme Court affirmed.  See Finkle, at 133.  Finkle then petitioned

for a rehearing asserting the North Dakota Supreme Court overlooked her argument regarding the

effect of the 1957 delay rental stipulation.  Id. at 137.  The court denied her petition, stating it

"considered Finkle's argument about the delay rental stipulation but it did not change the outcome

or affect the analysis."  Id. at 138.


C.    THE FEDERAL ACTION

EOG drilled a number of oil and gas wells—collectively referred to as the "Lostwood

Wells"—on the property in question or on lands pooled with the property in question.  See Docket

No. 1, pp. 15-16.  Prior to the state court judgment, EOG credited Northern Oil with a leasehold

interest derived from Finkle's mineral estate, and EOG had been sending Northern Oil production

revenue payments.  See Docket No. 1, pp. 15-16.  On April 20, 2015, EOG sent Northern Oil a

letter with the state court judgment enclosed.  See Docket No. 35-3.   The letter stated EOG would

be reversing prior production revenue payments it had made to Northern Oil due to the outcome

of the state action:

> You have been credited with an interest in the subject spacing unit as to the W2 and
> N2NE of Section 25, Township 158 North, Range 91 West, 5th P.M., originating
> from an oil and gas lease derived from Nancy Finkle et al, Defendants, as shown
> on Exhibit "A" attached hereto.
>
> Inasmuch as this lease is invalid, as to Township 158 North, Range 91 West,
> Section 25: W2 and N2NE, EOG Resources, Inc. will be reversing payments made
> to you for the interest you were credited with in the Lostwood 13-25H well on these
> lands.  Revised division orders are enclosed.

See Docket No. 35-3, pp. 1-2 (emphasis in original).  Further correspondence between Northern

Oil and EOG ensued.  Northern Oil took the position that the 1957 delay rental stipulation, as well

as other documents of record, indicated that the parties to the Warranty Deed intended for

Anderson to reserve a 1/4 mineral interest, despite the overconveyance. Northern Oil advised EOG that "the Duhig doctrine can be overcome if a contrary intent can be demonstrated." <u>See</u> Docket No. 1, p. 17. Communication between the parties ultimately ceased and Northern Oil brought this action. <u>See</u> Docket No. 1, p. 18. Northern Oil claims EOG's reversal of prior production revenue payments was wrongful. Northern Oil also asserts the parties to the Warranty Deed intended for Anderson to reserve 1/4 interest, and thus the *Duhig* rule should not apply. Northern Oil asks the Court to grant a declaratory judgment in its favor. <u>See</u> Docket No. 1, pp. 22-23. EOG has moved for summary judgment. It argues Northern Oil's action is barred because the limitations period has expired. <u>See</u> Docket No. 22.

## II.    <u>STANDARD OF REVIEW</u>

Summary judgment is appropriate when the evidence indicates no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. <u>Davison v. City of Minneapolis</u>, 490 F.3d 648, 654 (8th Cir. 2007); <u>see also</u> Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). The moving party always bears the burden of demonstrating the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). The non-moving party may not rely merely on allegations or denials; it must set out specific facts showing a genuine issue for trial. <u>Forrest v. Kraft Foods, Inc.</u>, 285 F.3d 688, 691 (8th Cir. 2002). The court must view the facts in the light most favorable to the non-moving party. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157 (1970).

## III.  **LEGAL DISCUSSION**

The parties dispute which statute of limitation is applicable to Northern Oil's action.  EOG argues that because Northern Oil has requested reformation of the Warranty Deed, the 10-year limitation period set forth in N.D.C.C. § 28-01-15 is applicable.  That section states its ten-year limitation period applies to "[a]n action upon a contract contained in any conveyance . . . or instrument affecting the title to real property . . . ."  The limitation period under this section commences after the cause of action has accrued.  Wehner v. Schroeder, 335 N.W.2d 563, 567 (N.D. 1983).

> [A] reformation action accrues, or comes into existence as a legally enforceable right, not at the time the instrument in question is executed, but at the time the facts which constitute the mistake and form the basis for reformation have been, or in the exercise of reasonable diligence should have been, discovered by the party applying for relief.

Ell v. Ell, 295 N.W.2d 143, 151 (N.D. 1980).  This rule, referred to as the discovery rule, is based on an objective standard:

> The focus is upon whether the plaintiff is aware of facts that would place a reasonable person on notice a potential claim exists, without regard to the plaintiff's subject beliefs.
>
> [The North Dakota Supreme Court] has interpreted 'discovery' as meaning that notice of facts, which would put an ordinary person on inquiry, is equivalent to knowledge of all the facts which a reasonable diligent inquiry would disclose. . . . The discovery rule only requires the plaintiff be aware of an injury; it does not require knowledge of the full extent of the injury.

Podrygula v. Bray, 2014 ND 226, ¶¶ 14-15, 856 N.W.2d 791 (internal citation omitted).  EOG argues the limitation period begins for a reformation claim when a document containing the alleged mistake is recorded.  See Docket No. 23, pp. 6-7.  EOG asserts that Northern Oil's claim is barred because its predecessors in interest had constructive notice of the Warranty Deed and its defect when it was recorded.  See Docket No. 23-9.

Northern Oil, on the other hand, asserts that it has brought a quiet title action with a limitation period governed by N.D.C.C. § 28-01-04, which states:

> No action for the recovery of real property or for the possession thereof may be maintained, unless the plaintiff, or the plaintiff's ancestor, predecessor, or grantor, was seized or possessed of the premises in question within twenty years before the commencement of such action.

Under this limitation period, "possession is the crucial factor." Wehner, 335 N.W.2d at 566.

Possession may be actual or constructive:

> A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it. A person who, although not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

Id. (quotation omitted) (quoting *Possession*, Black's Law Dictionary (5th ed. 1979). Northern Oil argues it has been in possession since the day the first well was spudded, September 25, 2010, and continued to be in possession until April 20, 2015, the date EOG sent its letter regarding reversal of the production revenue payments. See Docket No. 35, pgs. 11-12.

The Court notes neither party has cited authority for the proposition that each of these limitation periods is exclusive of the other and that only one may be applied. Cf. Wehner, 335 N.W.2d at 566-567 (reviewing trial court's analysis of both N.D.C.C. § 28-01-04 and § 28-01-15 and determining claim based on alleged mistake in deed not barred by any statute of limitation). A defense based on a statute of limitation is a "fact-driven defense[] not ordinarily susceptible of summary disposition." Waxler v. Dalsted, 529 N.W.2d 176, 179 (N.D. 1985). Specifically, for limitation purposes, whether a party has or should have knowledge of a mistake contained in a deed is a question of fact. Jacob v. Hokanson, 300 N.W.2d 852, 855 (N.D. 1980). Similarly, whether a party has possession of property for purposes of the N.D.C.C. § 28-01-04 quiet title limitation period is a question of fact. See Markgraf, 2015 ND 303, ¶¶ 33-35, 873 N.W.2d 26.

Given the stage of this litigation and the current record, the Court will defer ruling on this summary judgment motion until the issues are clearly identified and the record supplemented accordingly.

## IV.     CONCLUSION

The Court has carefully reviewed the entire record, the parties' filings, and the relevant law.  For the reasons set forth above, Northern Oil's motion to defer ruling (Docket No. 36) on EOG's summary judgment motion is **GRANTED**.  EOG's "Motion for Summary Judgment Dismissing Northern's Claims Because the Limitation Period Expired" (Docket No. 22) is **DENIED** without prejudice and subject to refiling when discovery is completed or other circumstances so warrant.  Northern Oil's motion for hearing (Docket No. 48) is also **DENIED** as moot.

**IT IS SO ORDERED**

Dated this 17th day of April, 2018.

/s/  Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court