**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

|  |  |  |
|---|---|---|
| Northern Oil & Gas, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION** |
| v. | ) | |
| | ) | |
| EOG Resources, Inc., | ) | Case No. 1:16-cv-388 |
| | ) | |
| Defendant. | ) | |
| | ) | |

     Before the Court is a Motion to Compel Responses to Requests for Admission filed by Plaintiff Northern Oil & Gas, Inc. See Doc. No. 137. For the reasons outlined below, this motion is granted.

## I.   BACKGROUND

     The underlying case has a lengthy history. Plaintiff Northern Oil & Gas, Inc. ("Northern") filed its Complaint on November 8, 2016 against Defendant EOG Resources, Inc., ("EOG") seeking construction or reformation of a 1962 warranty deed in an attempt to quiet title to a mineral leasehold interest. See Doc. No. 1. On January 15, 2019, then-Chief Judge Hovland granted Defendant's Motion to Dismiss. See Doc. No. 100. However, on July 27, 2020, the Eighth Circuit Court of Appeals reversed and remanded the judgment. See Doc. No. 105. Soon thereafter, a new scheduling order was issued and discovery recommenced. See Doc. No. 110.

     Before the appeal, Northern had served various discovery requests on EOG on June 13, 2017, including five Requests for Admission. See Doc. No. 137-1, p. 13. On August 16, 2017, EOG served objections to all of the Requests for Admission. See Doc. No. 137-2, p. 12-13.

1

On March 19, 2021, Northern moved for an order compelling EOG to respond to four of its Requests for Admission. See Doc. No.  137. EOG responded in opposition on March 25, 2021. See Doc. No.  139. Northern replied on April 1, 2021. See Doc. No.  140. The motion is fully briefed and ripe for review.

## II.     GOVERNING LAW

### A.     Scope of Discovery and the Court's Discretion

Rule 26(b)(1) sets out the scope of discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The scope of discovery under Rule 26(b) is extremely broad. Colonial Funding Network, Inc. v. Genuine Builders, Inc., 326 F.R.D. 206, 211 (D.S.D. 2018), citing 8 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2007, 36–37 (1970). "The reason for the broad scope of discovery is that '[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.'" United States v. Johnson, 2020 WL 948083, at *2 (D.N.D. Feb. 26, 2020), quoting 8 Wright & Miller, § 2007, 39.

However, fishing expeditions are not to be permitted; some threshold showing of relevancy must be made. Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. Dec. 14, 1992).

**B.     Requests for Admission**

The particular discovery mechanism at issue here is a request for admission under Federal Rule of Civil Procedure 36, which dictates in relevant part:

(a) Scope and Procedure.

> (1) Scope. A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
>> (A) facts, the application of law to fact, or opinions about either; and
>>
>> (B) the genuineness of any described documents.

Fed. R. Civ. P. 36(a).

Requests for admission serve a practical purpose in the course of litigation. In the words of one court:

> [T]he quintessential function of Requests for Admission is to allow for the narrowing of issues, to permit facilitation in presenting cases to the factfinder and, at a minimum to provide notification as to those facts, or opinions, that remain in dispute.

United States v. R.J. Zavoral & Sons, Inc., No. 12-CV-668 (MJD/LIB), 2014 WL 12756821, at *6 (D. Minn. Apr. 23, 2014), quoting Lakehead Pipe Line Co. v. American Home Assurance Co., 177 F.R.D. 454, 458 (D. Minn. 1997) (internal quotations admitted).

The propriety of a request for admission depends on fine distinctions. "While a request for admission may properly pertain to 'the application of law to fact,' Fed.R.Civ.P. 36(a), pure legal conclusions, or the truth of a legal conclusion, are out of bounds." Aventure Commc'ns Tech., L.L.C. v. MCI Commc'ns Servs., Inc., No. 5:07-CV-04095-JEG-RA, 2008 WL 4280371, at *1 (N.D. Iowa Sept. 16, 2008), citing Disability Rights Council v. Washington Metro. Area Transit Auth., 234 F.R.D. 1, 3 (D.D.C.2006), Tulip Commuters Int'l, B.V. v. Dell Computer

Corp., 210 F.R.D. 100, 108 (D.Del.2002) (further citations omitted). Yet the line between requests seeking legal conclusions and those merely seeking the application of law to fact can be "murky" since "the application of law to fact necessarily incorporates an admission as to what the law is." Aventure, 2008 WL 4280371, at *1.

Critical to a court's analysis is the relationship between the request for admission and the facts of the case. "Ultimately, requests for admissions requiring application of law to the facts of a case are permitted to clarify an opponent's legal theories, but purely hypothetical questions not connected to facts of the case are not allowed." Morley v. Square, Inc., No. 4:10CV2243 SNLJ, 2016 WL 123118, at *3 (E.D. Mo. Jan. 11, 2016), citing Abbott v. United States, 177 F.R.D. 92, 93 (N.D.N.Y. 1997).

In general, a district court's discretion is particularly broad as to discovery matters. Carr v. Anheuser-Busch Companies, Inc., 495 Fed. Appx. 757, 767 (8th Cir. 2012), citing Cook v. Kartridg Pak Co., 840 F.2d 602 (8th Cir. Mar. 1, 1988). Lastly, as with all the Federal Rules of Civil Procedure, the rules governing discovery "should be construed. . . to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

## III.   ANALYSIS

The disputed requests are as follows:

Request for Admission No. 2: Admit that, applying the Duhig Result to the Contract for Deed and the Warranty Deed would result in Henry Johnson owning 1,020 net acres in the mineral estate to the Anderson Lands and Axel Anderson owning 160 net acres in the mineral estate to the Anderson Lands.

Request for Admission No. 3: Admit that, interpreting the Contract for Deed and the Warranty Deed as a reservation in Axel Anderson of a 1/4 mineral interest in the entire mineral estate covered thereby would result in Henry Johnson owning 570 net acres in the mineral estate to the Anderson Lands and Axel Anderson owning 610 net acres in the mineral estate to the Anderson Lands.

Request for Admission No. 4: Admit that, interpreting the Contract for Deed and the Warranty Deed as a reservation in Axel Anderson of a 1/4 mineral interest in the entire mineral estate covered thereby would result in Henry Johnson owning 410 net mineral acres in the lands covered by the Johnson Lease.

Request for Admission No. 5: Admit that, interpreting the Contract for Deed and the Warranty Deed as a reservation in Axel Anderson of a 1/4 mineral interest in the entire mineral estate covered thereby would result in Axel Anderson owning 330 net mineral acres in the lands covered by the Anderson Lease.

Doc. No. 137-1, p. 13.

All of the disputed requests for admission start with interpretation of two instruments: the Contract for Deed and Warranty Deed. Request No. 2 asks EOG to apply the Duhig rule. It is EOG's position in the underlying litigation that the Duhig rule applies to the interpretation of both instruments. Requests No. 3-5 ask EOG not to apply the Duhig rule, but instead to interpret the instruments pursuant to Northern's proffered theory, i.e., as a reservation in Axel Anderson of a ¼ mineral interest in the entire mineral estate.

In other words, Northern is asking EOG to apply EOG's own legal theory in the first request, and Northern's legal theory in the other three requests, and for all requests, to confirm the resulting acreage numbers.

EOG contends that Northern's requests for admissions "seek admission of legal conclusions at the heart of the parties' legal dispute." It continues, "[w]hile Northern may have nominally tied its requests to the facts of the case, they nevertheless impermissibly seek legal conclusions." See Doc. No. 139, p. 4. EOG also makes relevancy arguments.[1]

Northern rejoins that its Requests for Admissions simply ask EOG to "engage in simple mathematics to compute net acreage base on varying interpretations of the Contract for Deed and the Warranty Deed." See Doc. No. 140, p. 5. Northern points out that it is not asking EOG to admit that the Duhig rule does not apply, but rather to confirm the appropriate math *if* it were not applied.

The Court is persuaded by Northern's logic. While it is true that the inquiry is "murky," this is not a case where "the application of law to fact necessarily incorporates an admission as to what the law is." Aventure, 2008 WL 4280371, at *1. Rather, Northern explicitly declines to request an admission regarding the applicable law – its requests call for hypothetical exploration of *both* parties' respective and opposing positions. It would be impermissible to ask EOG to admit the validity of a particular interpretation – such an inquiry will be resolved on the merits later in the litigation. But these requests simply seek to confirm the results, in terms of acreage, *if* a particular interpretation were to be applied. Northern's requests do not impermissibly seek a

---

[1] EOG additionally points out that a motion to compel is not the proper procedural mechanism for challenging responses to request to admit, citing Piskura v. Taser Int'l, No. 1:10-CV-248, 2011 WL 6130814, at *1 (S.D. Ohio Nov. 7, 2011). Like the court in Piskura, the Court will simply treat Northern's request here as a motion regarding the sufficiency of an answer or

legal conclusion nor do they resolve the case. Rather, they ask EOG to confirm or deny "the application of law to fact," a purpose entirely consistent with Rule 36. If EOG disagrees with the results of the hypothetical application of either legal theory, it may simply answer with a denial. But answer it must.

Lastly, the Court finds unavailing EOG's claims that Northern's requests are irrelevant. The relevancy issue is fully explored in the Court's Order denying EOG's Motion for Protective Order. See Doc. No.  153, p. 5-8.

## IV.   CONCLUSION

For all of the above reasons, the Court finds EOG's objections insufficient and orders that it answer the disputed Requests for Admission pursuant to Rule 36(a)(6). Northern's Motion (Doc. No. 137) is **GRANTED**. The Court further **DENIES** EOG's Motion for a Hearing (Doc. No. 147) on this motion and EOG's Motion for Protective Order, which the Court denied. See Doc. No.  153.

**IT IS SO ORDERED**.

Dated this 16th day of September, 2021.

/s/  Clare R. Hochhalter
Clare R. Hochhalter
United States Magistrate Judge

---

objection under Rule 36(a)(6).