IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Northern Oil & Gas Inc., | ) |
| | ) **ORDER GRANTING** |
| Plaintiff, | ) **DEFENDANT'S MOTION FOR** |
| | ) **SUMMARY JUDGMENT** |
| vs. | ) |
| | ) |
| EOG Resources Inc., | ) Case No. 1:16-cv-388 |
| | ) |
| Defendant. | ) |

Before the Court is the Defendant's motion for summary judgment filed on June 11, 2021. See Doc. No. 145. The Plaintiff did not respond to the motion. For the reasons set forth below, the Defendant's motion is granted.

I.   **BACKGROUND**

Plaintiff Northern Oil & Gas Inc. ("Northern") is a Minnesota Corporation with its principal office in Minnesota. Defendant EOG Resources Inc., ("EOG") is a Delaware corporation with its principal office in Texas. Northern brought this diversity action against EOG in an attempt to quiet title as to competing mineral leasehold interests in certain property located in McKenzie County, North Dakota. The Court granted EOG's motion to dismiss on January 15, 2019, on res judicata grounds. Northern appealed. On July 27, 2020, the Eighth Circuit Court of Appeals reversed finding a lack of privity prevented dismissal on res judicata grounds. After additional discovery, EOG moved for summary judgment on June 11, 2021, citing the *Duhig* rule and the North Dakota Supreme Court's opinion in *Johnson v. Finkle*, 837 N.W.2d 132 (2013) in support of its motion. To date, Northern has not responded to the motion and the time for doing so has long since passed. Trial is scheduled to commence on December 6, 2021.

1

## II.    LEGAL DISCUSSION

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Davison v. City of Minneapolis, Minn., 490 F.3d 648, 654 (8th Cir. 2007); Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. Id.

The Court must inquire whether the evidence presents sufficient disagreement to require the submission of the case to a jury or if it is so one-sided that one party must prevail as a matter of law. Diesel Mach., Inc. v. B.R. Lee Indus., Inc., 418 F.3d 820, 832 (8th Cir. 2005). The moving party bears the burden of demonstrating an absence of a genuine issue of material fact. Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials or its pleading, but must set out specific facts showing a genuine issue for trial. Ivy v. Kimbrough, 115 F.3d 550, 552 (8th Cir. 1997).

Further, "[a] party's failure to serve and file a memorandum or a response within the prescribed time may subject a motion to summary ruling." See D.N.D. Local Civ. R. 7.1(F). Under Civil Local Rule 7.1(F), the Court finds that the Northern's failure to respond to EOG's motion for summary judgment is an admission the motion is well taken. See D.N.D. Local Civ. R. 7.1(F). In addition, the Court agrees with EOG that the North Dakota Supreme Court's construction of the very same deed in question in this case in *Johnson v. Finkle* was correct, and reformation of the deed is not permissible. Therefore, EOG's motion for summary judgment is granted.

### III. CONCLUSION

The Court has carefully reviewed the entire record, EOG's brief, and the relevant case law. For the reasons set forth above, EOG's motion for summary judgment (Doc. No. 145) is **GRANTED**. The Court further finds and declares as follows:

1. EOG's lease covers one half of the minerals in the subject property, while Northern's lease covers none.

**IT IS SO ORDERED.**

Dated this 26th day of October, 2021.

>   */s/  Daniel L. Hovland*
>   Daniel L. Hovland, District Judge
>   United States District Court